## CAMBERS v. FIRST NAT. BANK OF BUTTE.

(Circuit Court of Appeals, Ninth Circuit.   October 14, 1907.)

No. 1,408.

PLEADING—SUFFICIENCY OF COMPLAINT — ALLEGATION OF SATISFACTION OF JUDGMENT.

Where plaintiff deposited money to indemnify his sureties on injunction bonds against loss on account of a judgment rendered against them and plaintiff on such bonds, a complaint to recover such money from the depositary does not state a cause of action, where it alleges merely that the judgment was satisfied on the docket by the clerk of the court on return of an execution issued thereon "fully satisfied"; there being no allegation that the judgment has been in fact paid and satisfied.   Nor is such complaint made good by an allegation that the sureties are not liable on such judgment, which is a mere conclusion of law.

In Error to the Circuit Court of the United States, for the District of Oregon.

For opinion below, see 144 Fed. 717.

A. E. Reames, Frank F. Freeman, and J. C. Veazie, for plaintiff in error.

Dolph, Mallory, Simon & Gearin, and R. L. Clinton, for defendant in error.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

DE HAVEN, District Judge.   This action was brought by the plaintiff to recover from the defendant the First National Bank of Butte the sum of $10,000, and interest from August 21, 1902, at the rate of 8 per cent. per annum, and from the defendants Andrew J. Davis and George W. Andrews interest on said sum of $10,000 at the rate of 6 per cent. per annum from April 19, 1902.   The defendants Davis and

Andrews were not served with summons, and made no appearance, and the other defendant, the First National Bank of Butte, interposed a general demurrer to the complaint, upon the ground that the same does not state a cause of action against it. The demurrer was sustained, and, the plaintiff not desiring to further plead, judgment was rendered that he take nothing against said defendant, and that defendant recover its costs. The case is brought here by the plaintiff on writ of error.

The case stated in the complaint is substantially this: The plaintiff brought certain suits in the courts of Montana, in which litigation it became necessary for him to furnish injunction bonds, aggregating in amount $12,500, and the defendants Davis and Andrews became sureties for him on these bonds. The litigation referred to resulted adversely to the plaintiff, and judgment was rendered in one of the district courts of Montana, on March 20, 1902, against him and his sureties, Davis and Andrews, upon the injunction bonds, for the sum of $12,500. Thereafter, on April 19, 1902, the plaintiff having on deposit with the defendant First National Bank of Butte $10,000, all of the parties to this action on that day entered into a contract, by the terms of which it was agreed that the defendant First National Bank of Butte should retain said sum of $10,000 on deposit, for the purpose of indemnifying Davis and Andrews against loss by reason of having become sureties on such injunction bonds and their liability on said judgment; and also to indemnify the sureties upon any bond which might be given by the plaintiff to stay the execution of said judgment, pending an appeal therefrom to the Supreme Court of Montana. The judgment was not appealed from, and no such stay bond was given, and the deposit remained in the First National Bank of Butte, for the protection of defendants Davis and Andrews, against the liability on the judgment just referred to.

The complaint further alleges that neither of the defendants has paid any part of said judgment; "nor are they, or either or any of them, liable to pay such judgment, or any part thereof; nor can the same, or any part thereof, be enforced against them, or either or any of them."

The complaint further sets forth that an execution upon said judgment was duly issued and placed in the hands of the sheriff of Silver Bow county, Mont., with directions to collect the sum for which the judgment was rendered, and that on the 21st day of August, 1902, while the same was in full force and effect, the sheriff "returned said execution fully satisfied to the clerk of said district court." It is then alleged:

"That by the laws of the state of Montana then in force, it became and was then the duty of said clerk to enter satisfaction of said judgment upon the judgment docket of said court, and said clerk did thereupon, on said 21st day of August, 1902, duly enter a satisfaction of said judgment upon said judgment docket, and satisfy said judgment as to each and all the defendants in said cause, and said satisfaction, when so entered, constituted a full and complete satisfaction and discharge of said judgment, and the same was at said time fully satisfied and discharged. * * * That said satisfaction of judgment has never been vacated, set aside, or amended, and by the laws then and now in force in the state of Montana, the time within which such judgment could have been reinstated, or the satisfaction thereof vacated, has long since gone by."

The demurrer to the complaint was properly sustained. There is in it no averment that the judgment referred to therein has in fact been paid, or that the defendants Davis and Andrews have been released by the judgment creditor from their liability to pay said judgment, or that plaintiff has by any act of theirs been released from his obligation to let the said sum of $10,000 remain on deposit for their protection against liability on such judgment; and the allegation of some one of these facts is necessary in order to state a cause of action, entitling the plaintiff to the relief which he demands. The allegation that the defendants, nor either of them, are liable, "to pay said judgment or any part thereof, nor can the same or any part thereof be enforced against them, or either or any of them," is the statement of a mere conclusion of law, and gives no strength to the complaint.

The cause of action which the plaintiff attempts to state, in so far as it depends upon the satisfaction of the judgment therein mentioned, seems to rest upon the alleged facts that the sheriff returned the execution issued upon the judgment as "satisfied," and that thereupon the clerk entered such satisfaction upon the record; but the complaint does not show that the sheriff stated in his return that he had collected the amount called for by the execution, and yet, unless the sheriff made such a return, the ministerial act of the clerk in entering satisfaction of the judgment, based entirely upon the sheriff's return, was without legal justification. Indeed, the complaint seems to have been carefully framed so as to avoid alleging as a fact that the judgment therein referred to was satisfied by a levy upon and sale of sufficient property under execution to pay the same, or that the money to fully satisfy it was paid to the sheriff holding the execution; and that thereupon the sheriff returned the execution with the statement that the same was satisfied in one or the other of these ways. In short, the complaint in this respect, fails to state the ultimate fact that the judgment rendered against the plaintiff and the defendants Andrews and Davis, upon the injunction bonds executed by them, has been paid.

Judgment affirmed.